**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mack v. Richland Cty. Sheriff's Office,* Slip Opinion No. 2024-Ohio-2748.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2748

THE STATE EX REL. MACK *v.* RICHLAND COUNTY SHERIFF'S OFFICE

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mack v. Richland Cty. Sheriff's Office,* Slip Opinion No. 2024-Ohio-2748.]**

*Mandamus—Public Records Act—R.C. 149.43—Statutory damages—Public office from which records were requested must produce responsive records to which the R.C. 149.43(B)(8) exception does not apply or certify that no such records exist—Limited writ granted and statutory damages denied.*

(No. 2023-1201—Submitted April 23, 2024—Decided July 23, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ. DEWINE, J., concurred in part and dissented in part, with an opinion joined by DETERS, J.

**Per Curiam.**

{¶ 1} Relator, John H. Mack Jr., is serving a life sentence for aggravated murder, without the possibility of parole. Mack has filed this original action for a

writ of mandamus to compel respondent, the Richland County Sheriff's Office, to produce records responsive to his public-records request. Mack also requests an award of statutory damages.

{¶ 2} The sheriff's office contends that three of the eight categories of records described in Mack's public-records request are covered by R.C. 149.43(B)(8), which provides that an incarcerated person may not obtain public records "concerning a criminal investigation or prosecution" unless the sentencing judge "finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." The sheriff's office also contends that it provided records responsive to the remainder of Mack's public-records request, rendering Mack's claim moot as to those records.

{¶ 3} With respect to seven of the eight categories of records that Mack has requested, we agree with the sheriff's office that either Mack has not complied with the statutory requirements for obtaining the records or the records have already been produced to him. We therefore deny the writ as moot with respect to five of the categories of records that Mack requests and deny the writ as to two of the categories of records that he requests. However, for the reasons set forth below, we grant a limited writ as to one of the categories of records that Mack requests. We also deny Mack's request for statutory damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 4} In February 2021, the sheriff's office and the Shelby Police Department began an investigation into the report of a missing person and later that person's death. The investigation led to a search warrant being issued for Mack's residence. Officers seized numerous items of personal property when they executed the search warrant, including a smartphone, two cars, and a safe with its contents.

{¶ 5} Mack was eventually indicted in Richland County for aggravated murder and other offenses. Following a jury trial, Mack was convicted of

aggravated murder and other crimes for which he was sentenced to life imprisonment without the possibility of parole. *See State v. Mack*, Richland C.P. No. 2021 CR 0221 (Nov. 18, 2022). Mack's direct appeal of his conviction is pending in the Fifth District Court of Appeals. *See State v. Mack*, No. 2022 CA 0083 (5th Dist.).

{¶ 6} In a separate case filed in Richland County, Mack was charged with receiving stolen property. That case was ultimately dismissed. *See State v. Mack*, Richland C.P. No. 2021 CR 0203 (Aug. 15, 2022). In April 2023, after his conviction in the aggravated-murder case, Mack filed a motion with the trial court in the receiving-stolen-property case, asking for the return of his property. The trial court denied the motion, noting that Mack had failed to specifically identify the personal property that had been seized and where the property is located. *Mack*, Richland C.P. No. 2021 CR 0203 (May 5, 2023). The trial court also noted that even though the receiving-stolen-property case had been dismissed, it was "a companion case" to the aggravated-murder case and therefore whatever evidence was seized from Mack "cannot be returned due to the pending appeal" of Mack's aggravated-murder conviction. *Id.*

{¶ 7} In August 2023, Mack sent by certified mail a public-records request to the custodian of records at the sheriff's office. In the preface to his request, Mack stated that the sheriff had seized two cars and "a significant amount" of other personal property from his residence from February 25 through 27, 2021. Mack requested the following seven categories of records related to the seizure of property from his residence and an eighth category of records related to a separate occurrence six months earlier:

1. List of the items seized [from February 25 through 27, 2021] and the items [sic] current location. If these items are no

longer in custody—please provide the date of disposition, detailed information concerning any item sold or disposed of.

2. The Richland County Sheriffs [sic] internal control policy in relation to seized property in its custody.

3. Written records retention schedule for dispatch calls.

4. Body camera policy.

5. Records retention schedule for body camera footage and recordings.

6. Retention schedule for incoming and outgoing calls.

7. Copies of reports to attorney general concerning . . . the property seized from [Mack's address] on the above mentioned dates.

8. I'm also requesting a copy of any reports filed on or about 8-31-2020 by Officer Morgan Scarberry, and/or Owen Ross concerning [Mack's address].

{¶ 8} The sheriff's office received Mack's public-records request on August 16 but did not immediately respond to it. Mack commenced this action on September 20, seeking a writ of mandamus to compel the sheriff's office to make available the records identified in his public-records request. On September 25, after receiving the summons and complaint, the sheriff's office provided three documents to Mack: (1) Richland County Sheriff's Office General Order 7.2 (the law-enforcement division's policy pertaining to the property room), (2) a copy of the records-retention schedule for the sheriff's office, and (3) Richland County Sheriff's Office General Order 1.36 (the law-enforcement division's policy pertaining to body-worn cameras). These were the records responsive to Mack's request Nos. 2 through 6. The sheriff's office maintains that records responsive to request Nos. 1, 7, and 8 were not provided to Mack because those records relate to

4

the criminal investigations of Mack and are thus exempt from disclosure under R.C. 149.43(B)(8).

{¶ 9} The sheriff's office filed a motion to dismiss Mack's complaint, arguing that (1) it had provided the records responsive to request Nos. 2 through 6 and (2) Mack was not entitled to receive records responsive to request Nos. 1, 7, and 8 by operation of R.C. 149.43(B)(8). We denied the motion to dismiss and granted an alternative writ. 2023-Ohio-4259. We later granted the sheriff's office's motion for leave to submit for in camera review the records withheld from Mack under R.C. 149.43(B)(8). 2024-Ohio-202.

## II. ANALYSIS

{¶ 10} R.C. 149.43(B)(1) requires a public office to make public records available upon request, within a reasonable time. If a public office denies a request, in whole or in part, it must provide the requester with an explanation, including legal authority, for the denial. R.C. 149.43(B)(3).

{¶ 11} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Mack, the public-records requester, must establish that he has a clear legal right to the requested relief and that the sheriff's office has a clear legal duty to provide it. *State ex rel. Penland v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4130, ¶ 9.

### A. Partial Mootness

{¶ 12} The sheriff's office argues that Mack's mandamus claim is moot as to request Nos. 2 through 6 because it provided records responsive to those requests five days after Mack filed this action. Providing the requested records to a relator in a public-records mandamus case generally renders the claim moot. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 22.

**{¶ 13}** In his merit brief, Mack does not dispute that he received records responsive to request Nos. 2 through 6; nor does he respond to the sheriff's office's contention that the mandamus claim as to those records is moot. Rather, Mack's arguments focus solely on the sheriff's office's withholding of records responsive to request Nos. 1, 7, and 8. Accordingly, we hold that Mack's claim is moot as to request Nos. 2 through 6. *See State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 22 (holding public-records claim moot with regard to records that were provided after relator filed his mandamus action).

### B. Mack's Remaining Requests

**{¶ 14}** Regarding request Nos. 1, 7, and 8, the sheriff's office argues that Mack is not entitled to the requested records, because he has not complied with R.C. 149.43(B)(8). That statute requires Mack to obtain from his sentencing judge a finding that the information he seeks in a public record concerning a criminal investigation or prosecution is necessary to support what appears to be a justiciable claim. *See id.* Without such a finding, Mack is not entitled to receive public records related to any such criminal investigation or prosecution. *See State ex rel. Fernbach v. Brush*, 2012-Ohio-4214, ¶ 2. "The language of the statute is broad and encompassing" and "clearly sets forth heightened requirements for *inmates* seeking public records." (Emphasis in original.) *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14 (involving former R.C. 149.43(B)(4), now R.C. 149.43(B)(8)).

**{¶ 15}** In an affidavit, Richland County Sheriff's Office Captain James P. Sweat averred that Mack's request Nos. 1, 7, and 8 "are concerning the criminal investigation that became the two criminal cases against him." The sheriff's office has produced under seal for our review hundreds of pages of documents that are responsive to Mack's request Nos. 1 and 7. Our review of these documents confirms that they are both responsive to Mack's records request Nos. 1 and 7 *and* related to the crimes for which Mack was investigated and/or prosecuted. Accordingly, the sheriff's office has demonstrated that the records that are

responsive to Mack's request Nos. 1 and 7 fall within the ambit of R.C. 149.43(B)(8). And because Mack has not obtained a finding by his sentencing judge that the records he seeks in request Nos. 1 and 7 are "necessary to support what appears to be a justiciable claim," R.C. 149.43(B)(8), the sheriff's office has no duty to provide those records to Mack in response to his public-records request. *See State ex rel. Adkins v. Cantrell*, 2023-Ohio-1323, ¶ 26.

{¶ 16} The propriety of the sheriff's office's withholding of records responsive to Mack's request No. 8 is not as clear. In his affidavit, Captain Sweat testified that the records sought in request No. 8 "concern[] the criminal investigation that became the two criminal cases against [Mack]." This averment is dubious on its face because in request No. 8, Mack seeks reports "filed on or about *8-31-2020*" by two named officers concerning Mack's address. (Emphasis added.) The investigation referenced by Captain Sweat did not commence until February *2021*. Moreover, the records submitted by the sheriff's office for in camera review do not appear to contain documents responsive to Mack's request No. 8, making it impossible for us to evaluate whether the requested records relate to any criminal investigation or prosecution.

{¶ 17} In a statement filed with the documents submitted for in camera review, counsel for the sheriff's office represents that records responsive to request No. 8 were not produced because none exist. However, the representation made by counsel is unsworn and is inconsistent with Captain Sweat's sworn statement in his affidavit that the records Mack seeks in request No. 8 concern the February 2021 criminal investigations of Mack that resulted in the two criminal cases that were filed against him. Accordingly, the unsworn representation of counsel for the sheriff's office does not support denial of the writ as to request No. 8. *See State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 31, fn. 2 (disregarding a statement by a public-records respondent's counsel that was "not in the form of a sworn affidavit"). The *sworn* evidence before this court, which is limited to Captain

Sweat's affidavit, shows that the sheriff's office withheld records responsive to Mack's request No. 8 because those documents relate to the criminal investigation that led to the prosecution of Mack.

{¶ 18} The sheriff's office bears the burden of establishing that the R.C. 149.43(B)(8) exception applies. *State ex rel. Ware v. Parikh*, 2023-Ohio-759, ¶ 12. The record before us does not contain any evidence to corroborate the sheriff's office's contention that R.C. 149.43(B)(8) applies to the records sought by Mack in request No. 8. But in light of the representations of counsel for the sheriff's office that no documents responsive to request No. 8 exist, we grant a limited writ ordering the sheriff's office to produce any responsive records to that request or to certify that no such records exist. *See, e.g.*, *State ex rel. Barr v. Wesson*, 2023-Ohio-3645, ¶ 15; *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 43.

*C. Statutory Damages*

{¶ 19} In his complaint, Mack also requests an award of statutory damages. Though he reiterates the request in one sentence in the conclusion of his merit brief, Mack does not include any argument in support of his statutory-damages request. Mack has thus waived his statutory-damages claim. *See State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 69.

### III. CONCLUSION

{¶ 20} For the foregoing reasons, we deny as moot the writ of mandamus as to Mack's public-records request Nos. 2 through 6. We deny the writ as to request Nos. 1 and 7 because of Mack's noncompliance with R.C. 149.43(B)(8). Regarding request No. 8, we grant a limited writ ordering the sheriff's office to, within 14 days, either produce records responsive to request No. 8 or certify by affidavit that no such records exist. We deny Mack's request for statutory damages.

Limited writ granted.

**DEWINE, J., joined by DETERS, J., concurring in part and dissenting in part.**

{¶ 21} I join the majority's judgment denying a writ of mandamus as to seven of the eight categories of records that John H. Mack Jr. has requested from the Richland County Sheriff's Office. But I would not grant a limited writ regarding the eighth category.

### *The Record Does Not Support the Majority's Limited Writ*

{¶ 22} In request No. 8, Mack asked for "a copy of any reports filed on or about 8-31-2020 by Officer Morgan Scarberry, and/or Owen Ross concerning" Mack's home address. Mack did not obtain authorization for this request from the sentencing court as required by R.C. 149.43(B)(8). The majority concludes that "the sheriff's office withheld records responsive to Mack's request No. 8," majority opinion at ¶ 17, but it determines that the evidence fails to establish that such records "relate to any criminal investigation or prosecution,"," *id.* Consequently, it grants "a limited writ ordering the sheriff's office to produce any responsive records to that request or to certify that no such records exist." *Id.* at ¶ 18.

{¶ 23} The only evidentiary material in the record relating to request No. 8 is Captain James P. Sweat's sworn statement that "[r]elator's first, seventh, and eighth requests are concerning the criminal investigation that became the two criminal cases against him." The majority chooses to disregard this statement, characterizing it as "dubious on its face" because "the investigation referenced by Captain Sweat did not commence until February *2021*." (Emphasis in original.) *Id.* at ¶ 16. It is true that the search warrant that led to Mack's indictment was executed in February 2021 and that the records provided to this court for in camera review relate to that same time period. But nothing in the record demonstrates that an August 2020 police report about Mack's home did not play a role in law enforcement's February 2021 investigation. Indeed, Mack suggests in his merit

brief that the prosecutor attempted (unsuccessfully) to admit such a report at his trial. *See* Mack Merit Br. at 10 ("This particular report was not allowed in the trial, and no charges resulted from the report.").

{¶ 24} The majority also suggests that Captain Sweat's sworn testimony is inconsistent with an unsworn statement made by counsel for the sheriff's office in transmitting records to this court. *See* majority opinion at ¶ 17. In a letter, counsel provided materials for in camera review that the sheriff's office maintained were exempt from public disclosure under R.C. 149.43(B)(8). As to request No. 8, counsel stated that "[r]espondent is not required to create records that do not already exist, which is why no records responsive to #8 have been produced."

{¶ 25} There is no inconsistency between this statement and Captain Sweat's testimony that "[r]elator's first, seventh, and eighth requests are concerning the criminal investigation that became the two criminal cases against him." It can be true both that Mack's *request* concerned a criminal investigation and that the sheriff's office did not have any records about the subject of that request.[1]

{¶ 26} Here, there is no evidence controverting Captain Sweat's sworn statement that request No. 8 concerned a criminal investigation of Mack. Despite this court's decision to grant an alternative writ and establish a timeline for the submission of evidence, *see* 2023-Ohio-4259, Mack failed to submit any evidentiary materials about an August 2020 incident. Captain Sweat's statement is unrefuted by any evidence in the record. Thus, Mack has failed to establish that he has "a clear legal right" to his requested relief and that the sheriff's office has "a

---

1. One might rejoin that if the sheriff's office did not maintain any reports about an August 2020 incident at Mack's home, then why not say so initially? But if the reports were related to a criminal investigation of Mack, the sheriff's office had no obligation to ascertain whether such documents existed before responding to Mack's request. *See* R.C. 149.43(B)(8). Thus, it is quite plausible that the first time the sheriff's office discovered that it did not maintain any records responsive to request No. 8 is when it prepared documents for in camera review by this court.

corresponding clear legal duty" to provide it, *State ex rel. Penland v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4130, ¶ 9.

{¶ 27} Because the only evidence in the record is that Mack's request No. 8 for an August 2020 police report concerned a criminal investigation of Mack, I would deny the writ in total.

### *Conclusion*

{¶ 28} I concur in the majority's judgment denying a writ of mandamus as to Mack's first seven public-records requests and denying Mack's request for statutory damages. I dissent from its judgment granting a limited writ as to request No. 8 and instead would deny Mack's request for a writ of mandamus in total.

_____

John H. Mack Jr., pro se.

Jodie M. Schumacher, Richland County Prosecuting Attorney, and Amanda S. Middis, Assistant Prosecuting Attorney, for respondent.

_____