**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Clemans*, Slip Opinion No. 2025-Ohio-1021.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1021

THE STATE EX REL. ROBINSON *v*. CLEM[A]NS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Clemans*, Slip Opinion No. 2025-Ohio-1021.]**

*Mandamus—Public-records requests—Inmate failed to obtain leave of sentencing court before requesting arrest report as required by R.C. 149.43(B)(8) and failed to submit evidence showing that five other records he requested exist—Writ and relator's request for statutory damages denied.*

(No. 2024-0709—Submitted January 7, 2025—Decided March 26, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Relator, Jackie N. Robinson, an inmate at Grafton Correctional Institution ("GCI"), filed this original action for a writ of mandamus against respondent, Jennifer Clemans.[1] At the time of Robinson's public-records request at issue in this case, Clemans was the quality-assurance analyst for the Ohio Parole Board. Robinson also refers in the body of his complaint to James Wesson, the warden's assistant at GCI, as a respondent, but Robinson did not include Wesson in the caption of his complaint; accordingly, Clemans is the only respondent in this action. Robinson seeks (1) a writ of mandamus ordering Clemans to make the records he identified in a public-records request available for inspection and copying and (2) statutory damages.

{¶ 2} For the reasons explained below, we deny the writ and Robinson's request for statutory damages. We also deny the motions Robinson has filed and the request made in his brief for a writ of habeas corpus.

## I. FACTS AND PROCEDURAL HISTORY

### A. Public-Records Request and Response

{¶ 3} In October 2023, Robinson sent Wesson an electronic kite[2] requesting the following records:

1. "the arresting [sic] report written by parole officer Michael Adams in (1987) finding [him] a parole violator for the crime of bank robbery";

2. "the revocation order (DRC-3314) from that arresting report";

3. "the hearing summary report (drc-3234) from that arresting report";

4. "the sanction receipt (drc-3313) from that arresting report";

---

1. According to her affidavit, "Clemans" is the correct spelling of respondent's last name.

2. "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

5. "the PVR/Kellogg Screening Form (Drc-3462) used to revoke [his] parole on #154-598";

6. "the PVR/Kellogg Screening Form (drc-3462) used to revoke [his] parole on #481-698."

**{¶ 4}** In December 2023, Wesson responded by providing Robinson with a letter from Clemans. Clemans's letter was a response to a prior public-records request that Robinson had sent by electronic kite; in that request, Robinson had asked for five records, including four that are at issue in this case. In the letter, Clemans responded that those four records did not exist.[3]

### B. Procedural History

**{¶ 5}** Robinson filed this mandamus action in May 2024. After Clemans filed an answer, Robinson filed a motion for default judgment. In July 2024, we denied Robinson's motion for default judgment and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2024-Ohio-2781. Clemans submitted evidence, but Robinson merely referred to the exhibits he had filed with his complaint.

**{¶ 6}** After the case was fully briefed, Robinson filed a motion for the production of redacted evidence, a motion to "dismiss" Clemans's answer and merit brief "for fraud upon the court and misrepresentation," a motion to strike Clemans's response to Robinson's motion for the production of redacted evidence, and a motion for a peremptory writ.

---

3. Robinson does not seek a writ of mandamus ordering Clemans or Wesson to fully respond to his request. Instead, he seeks a writ of mandamus ordering Clemans to provide him with access to the requested records.

## II. ANALYSIS

### A. Robinson's Motions

*1. Robinson's motion for the production of redacted evidence*

{¶ 7} In his motion for the production of redacted evidence, Robinson requests that we order the production of unredacted copies of emails exchanged among Clemans, Ashley Parriman, and Shane Stevens that appear on pages 000086 through 000090 of Clemans's submitted evidence. Of the pages identified by Robinson, only page 000087 contains redactions.

{¶ 8} Robinson does not assert that page 000087 is a record that he asked for in the public-records request at issue in this case. Nor has he provided any other reason why he is entitled to an unredacted version of that page. Clemans opposes the motion, arguing that the redacted text is protected by the attorney-client privilege. Page 00087 contains an email from Parriman, an attorney employed by the Ohio Department of Rehabilitation and Correction ("ODRC"), to Stevens and Clemans, who are both ODRC employees, and it appears to provide legal advice. Accordingly, we deny Robinson's motion for the production of redacted evidence.

*2. Robinson's motion to "dismiss" Clemans's answer and brief*

{¶ 9} In Robinson's motion to "dismiss" Clemans's answer and merit brief, he accuses Clemans of lying and perpetrating a fraud on the court in her answer and brief. As for the relief he requests in this motion, there is no provision in the Civil Rules or elsewhere for "dismissing" an answer or a brief.

{¶ 10} Robinson also requests in this motion that we take judicial notice of the "adjudicative fact" that he did not have to obtain leave of court prior to requesting the records at issue here. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). However, Robinson's asserted adjudicative fact is

4

actually legal argument. It is improper for a court to take judicial notice of disputed facts or legal conclusions. *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 17.

{¶ 11} Accordingly, we deny Robinson's motion to "dismiss" Clemans's answer and merit brief and Robinson's request for judicial notice.

### 3. Robinson's motion to strike

{¶ 12} In his motion to strike Clemans's response to Robinson's motion for the production of redacted evidence, Robinson does not argue that Clemans's response should be struck. Instead, the motion seems to be a reply to Clemans's response to Robinson's motion for the production of redacted evidence. S.Ct.Prac.R. 4.01(B)(2) strictly prohibits the filing of a reply to a response to a motion. Therefore, we deny the motion.

### 4. Robinson's motion for a peremptory writ

{¶ 13} Lastly, in his motion for a peremptory writ, Robinson repeats arguments made in his merit brief and in the motions discussed above, presents additional arguments regarding other cases he previously filed that are not relevant to this action, and reiterates his request for statutory damages. He then asks that we strike Clemans's answer as untimely and a "fraud upon the court," grant him a default judgment, and issue a peremptory writ under R.C. 2731.10.[4]

{¶ 14} Robinson's motion is entirely meritless. Clemans's answer is not untimely, nor is it deserving of being struck under Civ.R. 12(F). Therefore, we deny the motion.

### B. Writ of Mandamus

{¶ 15} "Subject to [R.C. 149.43(B)(8)], upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy

---

4. R.C. 2731.10 states: "If no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant."

to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 16} Robinson argues that Clemans's assertion that there are no records responsive to his public-records request is false because ODRC is required by law to maintain such records. Clemans argues that Robinson is not entitled to a writ of mandamus because his complaint is barred by res judicata, the records he seeks do not exist, and he failed to obtain leave of court prior to sending his public-records request.

*1. The second through sixth records requested by Robinson do not exist*

{¶ 17} For ease of analysis, we first consider Clemans's argument that Robinson is not entitled to a writ of mandamus because the records he seeks do not exist. "When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13.

{¶ 18} Clemans asserts that none of the requested records exists, but she does not explain why the first record requested, the 1987 arrest report, does not exist. However, as analyzed below, Robinson is not entitled to a writ of mandamus compelling the production of that record, because he failed to obtain leave of court before requesting the record, as required by R.C. 149.43(B)(8).

{¶ 19} As for the second, third, and fourth records requested by Robinson—ODRC form Nos. DRC-3314, DRC-3234, and DRC-3313—Clemans attests that those particular forms were not in use at the time of Robinson's 1987 arrest or his

1993 technical parole violation. Accordingly, she asserts that the particular records Robinson seeks do not exist. Robinson has not submitted any evidence showing that the forms were in use in 1987 or 1993 or otherwise showing that they exist. Therefore, Robinson is not entitled to a writ of mandamus compelling production of the second, third, or fourth records identified in his public-records request.

{¶ 20} Regarding the fifth and sixth records requested by Robinson, it is not clear whether "PVR/Kellogg" screening forms (DRC-3462) that he seeks—which he identified as being numbered 154-598 and 481-698, respectively—correspond to the screening forms that were in use when he was arrested in 1987 and at the time of his parole violation in 1993, because Clemans in her affidavit referred to the arrest and parole violation by the year of each incident instead of such numbers. Nevertheless, Clemans implies in her affidavit and an email she submitted with it that no responsive DRC-3462 forms exist because that form did not yet exist in 1987 or 1993. Additionally, in the email, Clemans stated that she was unable to locate any DRC-3462 forms responsive to Robinson's public-records request as to the fifth and sixth records.

{¶ 21} Ultimately, the relator has the burden to prove, by clear and convincing evidence, that the records he requested exist and are public records maintained by the public office to which he submitted his request. *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. Robinson has not provided any evidence showing that responsive DRC-3462 forms exist. Therefore, Robinson is not entitled to a writ of mandamus as to the fifth and sixth records identified in his public-records request.

2. *Robinson failed to obtain leave of court before requesting a copy of the 1987 arrest report*

{¶ 22} Clemans also argues that Robinson is not entitled to a writ of mandamus compelling production of the first record identified in his public-records request—the 1987 arrest report—because he failed to obtain leave of court before

requesting that record, as required by R.C. 149.43(B)(8). Neither Clemans nor Wesson initially denied Robinson's request for the arrest report on the basis that Robinson had failed to first obtain leave of court. However, a public-records holder is not precluded from relying on additional reasons or legal authority in defending against a mandamus action filed by the public-records requester. R.C. 149.43(B)(3); *State ex rel. Scott v. Toledo Corr. Inst.*, 2024-Ohio-2694, ¶ 17.

{¶ 23} R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution . . . unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

We have held that the "'language of [R.C. 149.43(B)(8)] is broad and encompassing' and 'clearly sets forth heightened requirements for *inmates* seeking public records.' " (Emphasis added in *Russell*.) *State ex rel. Mack v. Richland Cty. Sheriff's Office*, 2024-Ohio-2748, ¶ 14, quoting *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14. The public-records holder has the burden to show that the exception applies. *State ex rel. Ware v. Parikh*, 2023-Ohio-759, ¶ 12. To meet its burden, the public-records holder must show that the requested records fall squarely

within the exception. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus.

{¶ 24} Only the first record identified in Robinson's public-records request remains at issue. In his request, Robinson asked for the arrest report written by Parole Officer Michael Adams in 1987 that, according to Robinson, found him to be "a parole violator for the crime of bank robbery." Robinson argues that he is not required to obtain a court order before requesting this record because the record sought does not relate to a criminal prosecution but, rather, to an administrative determination on a parole violation. However, in both his complaint and his merit brief, Robinson stated that "he is being held by the Parole Board and the ODRC based solely upon the 1987 arrest and subsequent parole revocation proceedings for which the records were sought from the respondent."

{¶ 25} In *Russell*, we held that offense and incident reports trigger the additional requirements applicable when an inmate seeks records concerning a criminal investigation or prosecution. *Russell* at ¶ 14 (analyzing a public-records mandamus case under former R.C. 149.43(B)(4), now codified at R.C. 149.43(B)(8)). The inmate in *Russell* was barred from obtaining the requested offense and incident reports because he had not first "obtain[ed] a finding from the sentencing judge that 'the information sought in the public record [was] necessary to support what appear[ed] to be a justiciable claim.' " *Id*. at ¶ 16, quoting former R.C. 149.43(B)(4) (now codified at R.C. 149.43(B)(8)).

{¶ 26} In this case, the 1987 arrest report that Robinson seeks is likewise a record concerning a criminal investigation or prosecution—namely, an investigation into an offense Robinson committed. Robinson did not obtain from the judge who sentenced him to the parole that was revoked, the judge who sentenced him for the subsequent conviction, or one of their successors in office a finding that the 1987 arrest report or any other records Robinson seeks are

necessary to support a justiciable claim.  Therefore, Clemans was not required under R.C. 149.43(B)(1) to make a copy of the arrest report available to Robinson.

**{¶ 27}** In conclusion, we deny Robinson's request for a writ of mandamus in its entirety.  We reach this conclusion without considering Clemans's argument that Robinson's complaint is barred by res judicata.

### C.  Statutory Damages

**{¶ 28}** Robinson also requests an award of statutory damages for Clemans's failure to make the requested records available to him.  R.C. 149.43(C)(2) provides:

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in [R.C. 149.43(C)] if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)].

Robinson must prove his entitlement to statutory damages by clear and convincing evidence.  *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6.

**{¶ 29}** As explained above, Robinson has not shown that Clemans—or ODRC generally—failed to produce any public records to which Robinson is entitled.  Nor does Robinson argue that Clemans or ODRC failed to comply with any other duty under the Public Records Act.  Therefore, Robinson is not entitled to an award of statutory damages.

**D. Robinson's Alternative Request for a Writ of Habeas Corpus**

**{¶ 30}** Robinson argues that if Clemans is correct that there are no records responsive to his public-records request, then ODRC lacks valid commitment papers for him and he is entitled to immediate release from custody. Accordingly, he requests in his merit brief "an alternative and Peremptory Writ of Habeas Corpus."

**{¶ 31}** R.C. 2725.04 provides that an "[a]pplication for the writ of habeas corpus shall be by petition." The statute does not allow an inmate to request a writ of habeas corpus in a brief or other later filing. *See State ex rel. Jackson v. Sloan*, 2016-Ohio-5106, ¶ 8 (a petitioner's belated submission of required commitment papers did not remedy his failure to submit the papers with his petition). However, Robinson did not request a writ of habeas corpus in his complaint. Nor did Robinson submit with his complaint in this case any commitment papers as required by R.C. 2725.04(D) for a habeas petition.

**{¶ 32}** For all these reasons, we deny Robinson's request for a writ of habeas corpus.

### III. CONCLUSION

**{¶ 33}** For the foregoing reasons, we deny the writ of mandamus and Robinson's request for statutory damages. We also deny Robinson's motion for the production of redacted evidence, his motion to "dismiss" Clemans's answer and merit brief, his motion to strike Clemans's response to his motion for the production of redacted evidence, his motion for a peremptory writ, and the request made in his brief for a writ of habeas corpus.

Writ denied.

————————————

Jackie N. Robinson, pro se.

Dave Yost, Attorney General, and Matthew Convery and B. Alexander Kennedy, Assistant Attorneys General, for respondent.

_____